DONNA SMITH, an Infant by CHESTER SMITH, Her Guardian ad Litem, et al., Plaintiffs, v. KOLLNER'S INC., et al., Appellants, and WHITE ROCK OF NASSAU, INC., Respondent.—

The amended complaint in the main action cannot reasonably be interpreted as including an allegation of passive negligence on the part of defendant White Rock of Nassau, Inc. Hence, it may be held liable only upon proof that it was guilty of active negligence. In such circumstances it is not entitled to be indemnified by a codefendant (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447; *Harrington* v. *615 West Corp.*, 2 N Y 2d 476, 483; *De Veglio* v. *Cascade Ind. Uniform Supply Co.*, 12 A D 2d 980). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

STELLA SMITH, Individually, and as Administratrix of the Estate of JACK SMITH, Deceased, Respondent, v. ELIZABETH SMITH, Appellant, et al., Defendant.—

In our opinion, the books, records and documents directed to be produced, other than those hereinbefore mentioned, are neither material nor relevant to the proposed examination of the said defendant. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

GRACE G. SPERY, Respondent, v. JOSEPH C. SPERY, Appellant.—

Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.